**Ray D. COLBURN, Petitioner–Appellant,**

v.

**Robert PATTON, Director, Oklahoma Department of Corrections, Respondent–Appellee.**

No. 14–7106.

United States Court of Appeals, Tenth Circuit.

June 30, 2015.

Ray D. Colburn, Otisville, NY, pro se.

Margie Weaver, Oklahoma Department of Corrections, Oklahoma City, OK, for Respondent–Appellee.

Before, HARTZ, TYMKOVICH, and MORITZ, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

HARRIS L. HARTZ, Circuit Judge.

Ray Colburn, a federal inmate confined in New York, seeks a certificate of appealability (COA) to appeal the district court's denial of his challenge under 28 U.S.C. § 2241 to a detainer lodged at his prison by the State of Oklahoma. *See Montez v. McKinna,* 208 F.3d 862, 868 n. 6 (10th Cir.2000) ("a federal prisoner seeking to challenge a detainer arising out of process issued by a state court must obtain a COA in order to appeal a district court order denying relief"). He is proceeding pro se. We deny a COA and dismiss the appeal.

Mr. Colburn's § 2241 application was originally filed in May 2012 in the United States District Court for the Southern District of New York, but the court transferred the present claim to the United States District Court for the Eastern District of Oklahoma. The application sought to require federal Bureau of Prison authorities to dishonor a detainer filed at his prison in June 2010 by the State of Oklahoma. The detainer was based on a violation of his state parole from his sentence on a drug conviction. After the detainer was filed, Mr. Colburn was told that if he waived his right to a revocation hearing, "the revocation term would be discharged on October 9, 2011." R. at 51. He waived his right to a hearing and his parole was revoked. He later was advised that the discharge date would be in 2028, not 2011. Mr. Colburn claims that the detainer and revocation of his parole were improper on two grounds: (1) his due-process rights

were violated because his waiver of a revocation hearing was not knowing, intelligent, or voluntary; and (2) his due-process rights were violated because Oklahoma failed to extradite him on two prior occasions, resulting in unreasonable delay and prejudice.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court

has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir.2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for claims that the state court adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir.2004).

■ As Mr. Colburn not only acknowledges but insists, both his challenges to the detainer and revocation were raised in a state postconviction application that was ultimately resolved by the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed the denial of postconviction relief.

First, the OCCA held that Mr. Colburn was not denied due process in the waiver of his parole-revocation hearing. The court determined that even if the revocation-hearing waiver was not voluntary, he was not prejudiced by the waiver. It explained that Mr. Colburn's pleadings confirmed that he had been convicted of a federal offense that constituted a violation of his parole. The OCCA's ruling on lack of prejudice was not contrary to or an unreasonable application of federal law established by the Supreme Court. Indeed, Mr. Colburn has not cited, and we have

not found, any Supreme Court opinion that has addressed the issue of prejudice or harmless error with respect to an involuntary waiver of a parole-revocation hearing. We note that the Eighth and Ninth Circuits have required a showing of prejudice to obtain relief for the failure to provide a hearing in an immigration case. *See Flores v. Ashcroft*, 354 F.3d 727, 730 (8th Cir.2003); *Padilla v. Ashcroft*, 334 F.3d 921, 924–25 (9th Cir.2003).

■ As for Mr. Colburn's second claim, the OCCA did not explain its rejection. "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, —— U.S. ——, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013). Mr. Colburn does not attempt to rebut that presumption; in fact, he acknowledges that "the OCCA addressed all claims on the merits." Aplt. Br. at 8–9. We cannot say that the OCCA's rejection of Mr. Colburn's claim that he was denied due process by the delay in extradition was contrary to or an unreasonable application of federal law clearly established by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Again, Mr. Colburn has not cited, and we are not aware of, any Supreme Court case addressing whether a due-process violation can be based on prior failures to extradite a parolee.

No reasonable jurist could debate that Mr. Colburn's application should be dismissed. We DENY the application for a COA and DISMISS the appeal.